IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,019-01






EX PARTE ERNEST URQUIDEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20010D03459-205 IN THE 205TH JUDICIAL DISTRICT COURT


FROM EL PASO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to life imprisonment. The Eighth Court of Appeals affirmed his
conviction. Urquidez v. State, No. 08-03-00209-CR (Tex. App. - El Paso, April 28, 2005, pet. ref'd).

 Applicant contends inter alia that his trial counsel rendered ineffective assistance because
he failed to consult with Applicant, failed to investigate or present a defense, failed to cross-examine
the State's witnesses, and made statements to the panel during voir dire indicating that he believed
that Applicant was guilty. The State has filed a general denial, and the trial court has not made
findings of fact or conclusions of law. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel communicated with
Applicant and whether he was prepared for trial. The court shall supplement the habeas record with
a copy of the voir dire transcript, and shall make findings as to whether defense counsel told the
panel members anything that could be construed as an admission that Applicant was guilty or should
be convicted of these charges. The court shall make findings as to whether counsel presented any
evidence or testimony for the defense, both at the guilt stage and the punishment stage, and as to
whether counsel cross-examined any of the State's witnesses. The trial court shall make findings
as to whether the performance of Applicant's trial attorney was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 8, 2006

Do not publish